Thank you, Your Honor. I appreciate the opportunity to be here today again with this case for the second time. This appeal is at the intersection of two very important policies established by ERISA. The first of these policies is protecting participants' right to receive the benefits that have been promised to them and that they have earned. The second of these policies, though, is that employers and sponsors have a right to change those promises with regard to benefits that they've not yet earned that relate to future service. Congress drew this line between these two policies in what we call the Any Cutback Rule, which is embodied in 29 U.S.C. 1054G. Accrued benefits, those that have been earned, cannot be taken away. But if not yet accrued, not yet earned, based on service to date, those promises and the future accruals that are expected can be altered or even eliminated. The statute itself makes this clear. The terms of the statute say that it's only with respect, and I'm quoting, with respect to benefits attributable to service before the amendment. The regulation says that it, quote, only protects benefits that accrue before the applicable amendment date. Thus, a plan is permitted to be amended to eliminate or reduce an early retirement benefit, retirement-type subsidy, with respect to benefits that accrue after the applicable amendment date, without violating the Any Cutback Rule. I thought we had in our earlier case indicated that these were accrued benefits. Your Honor, you categorized them as accrued benefits, just like you would categorize the pension itself as an accrued benefit. It was a little more, and I was on your side the first time, but it was a little more than what you're saying, isn't it, Counsel? The last page of the opinion says the plan plainly incorporated both supplements into its definition of accrued benefit. I mean, the opinion pretty squarely says that this is part of the accrued benefit. And I don't contest that at all, Your Honor. It is part of the accrued benefit. I mean, that's what this Court has found, and that's what this Court has held. What this Court has not addressed is who, then, is entitled to the benefit, who has actually earned it and accrued it. Wasn't the accrued benefit accrued by one year of service? No, Your Honor. It actually requires 15 years of service and age 50. But what I'm saying is nobody's talking about doing away with that requirement, as I understand it. All you do is you accrue it through one year of service, but you still need to attain age 50 and to spend the additional 15 years of service in order to receive the early retirement benefit. As I understand it, nobody is thinking that you're simply entitled. You're eligible in the sense that you may get it, but you're not simply entitled to it after a year. Yes, that's the problem, Your Honor. You have to look at what a person would be entitled to if they stopped working today. And you're saying that the company can essentially take away all the benefits that they could have earned if they ceased their employment one day short of the 15 years? Your Honor, that's the way the statute works. Well, but it isn't just how the statute works, because the question is did the plan confirm more benefits than the statute ensures. Isn't that it? Well, Your Honor, but you have to still look at what the plan says. And the plan says that these participants are only entitled to the benefit if they retire from active service after 15 years of service and 50 years of age. So they had to continue to serve. They had to continue to work in order to actually earn this benefit and be entitled to it. But that's still true. And we uncovered this problem when we went back to the trial court. Let's just take the person who is at the time of the freeze amendment. That individual had accrued one year of service but had not accrued 15 years of service or the 50 years of age. As I understand it, in order to be eligible for the 700 monthly supplement, that individual who had accrued one year of service prior to December 31, 2005 but not 15 or 50 years of age would still have to serve those 15 years and be over 50. And, Your Honor, that's the precise point of why we say this benefit was not accrued as to that individual at that time. Doesn't that run into the law of the case? Doesn't that run into our previous opinion where we have said it's accrued from the one year of service and you can grow into the receipt of it by satisfying those remaining years of eligibility? I think that's the way the district judge read our opinion and I'm hard-pressed to see why that was wrong. Well, Your Honor, you weren't addressing this issue at all in your prior opinion. You were not saying that there was one year worth of accrual and that the one year provision of this requirement was an accrual. You were saying that the benefit itself, the supplemental benefit that's described in Section 4.1.2 and itself indicate that the one year is the year of accrual because you have Section 4.1.2A.2. Your Honor, there are four different requirements for this benefit. Well, that's part of the problem is that I don't understand why these plans can't ever be straightforward. There are four different requirements to be eligible for this benefit. You would have to take a whole course just devoted to this plan. Yes, Your Honor. You might, too, before we understood it. I don't know how well either one of us would do on our final exam. Well, Your Honor, I guess what I'm saying is if this individual, Mr. Taylor, who represents this subclass, and by the way, everybody who was 50 and 15 by the date of the freeze amendment is getting the benefit. Mr. Zivani has already gotten his benefit. Those who retired after that date are getting the benefit. We're not saying that you couldn't retire after that date and get the benefit. But this distinction that you're urging on us, Mr. Hinson, accrued as to A. Yes. As accrued as to Taylor. We make no distinction in Zivani 1 accrued as to. We simply say that this early retirement benefit is an accrued benefit. Yes. So then now it seems to me you're asking us to walk back a little bit on that opinion and say, well, it's not always an accrued benefit. It can only be an accrued benefit if it is accrued as to years of service at the time of the freeze. I'm actually not saying that, Judge. I guess what I'm saying is that you didn't the first time say that these four requirements no longer are there. You did not say that everybody who worked a year is going to get this benefit so long as they stay for 15 and 50 years. You did not say that. You said that Mr. Zivani, who there was no issue about 15 and 50 and no issue about the one year or any of the other requirements. He met all those requirements. There was no dispute he met those requirements. But what this court said was for people who met those requirements, it's an accrued benefit. But again, the language right before the last paragraph of the opinion, it says the supplement's inclusion in the plain terms of the plan's accrued benefit calculation necessarily meant that any change to the amount or existence of a supplement constituted a change to an accrued benefit. That's pretty sweeping. It seems to me it's talking about the accrued benefit as being a class of benefits rather than accrued as to A, accrued as to B. Tell me why that language isn't a lot more sweeping than your legal position today. Well, because of the facts of that case, Your Honor. No, I'm talking about the language of this opinion. So you're just saying that this language was way over broad from what the court was presenting. That has to be your position. It would have been dicta if the court had intended to essentially wipe away the other four elements or the four elements of the requirements for this benefit and say, we no longer care whether people really meet the requirements for this benefit. It's an accrued benefit. And if I can point you to some language in the plan. You don't have to serve, though. I mean, it's just Judge Wilkinson pointed out. Nobody's saying that you can walk in the door at the company and just by virtue of getting a paycheck get the benefit. No one's saying that. If I can point you to the language that you did rely on last time. It says, and it's very specific. I can find it. I think it's over here. It says, plus any applicable supplement as described in section 4.12. That was the language that you focused on. Plus any applicable supplements, plural, as described in section 4.12. Applicable in that sentence has to mean something. It's an applicable supplement if the person has, in fact, earned it. If the person has, in fact, met the requirements, that's what makes it an applicable supplement. This issue was not there for Mr. Savani. And the issue that we're presenting today is with regard to a subclass of individuals who had not met those requirements and, therefore, in the definition of accrued benefit. Not met the requirements by the time of the freeze. Correct. So that's the complete. So it was not accrued for them at that time. At the time of the freeze, but will later accrue or have accrued. Well, but again, back to the law and the statute, which says that accrued benefits are what people have earned through their service to date. And the way to determine what is accrued for any individual is to look at what they have earned and what they would receive if they quit work today. These individuals, if they quit work before they reach the 50 and 15, would not have received this benefit. And, therefore, it couldn't have been accrued with regard to them because they wouldn't receive it. You can't have an accrued benefit one day and then not meet the requirements. Okay, but what if they do satisfy the 50 and 15? Well, Your Honor, then they have to. After the freeze. Yes, they have to. I mean, that's why we're here, isn't it? And that is my point. They have to continue working, which means that, by definition, it's not accrued as to them at the point of the freeze. If they have to continue to work afterwards. It's not accrued to them if they have the one year of service before the freeze and work 15 years and attain age 50? Not if they have to do that, Your Honor, after the freeze. Because it's not accrued after one year. Yes, but we've already said that this 700 was an accrued benefit. And, as I understand it, we've said it accrued after the year of service. Well, but, Your Honor, there was no discussion in your prior opinion that it accrued after one year of service. Again, that was not at issue with regard to Mr. Sovani, and it was not in the Court's mind. You might be looking back at it now and saying, that looks like an accrual provision to me. It's not. It's a vesting provision. It's for people who came over and maybe had 15 and 50 already, and then they had to have one more year at WSMS to get this benefit. That's what that one year was for. It wasn't an entry level, I have one year and then I'm entitled to the benefit. That's just not the way it worked, Your Honor. And so I guess what I'm saying is you do have to look at whether or not the benefit is accrued on an individual-by-individual basis. Saying it's an accrued benefit, putting it in that category of an accrued benefit, does not mean that, by definition, everybody is then entitled to it. They still have to earn it, and if they have to earn it with service after the freeze amendment. Under your theory, you could have a group of employees and you could say something like this, and then you had an idea and eligibility of 15 years of service and obtaining 50 years of age. And then you have a group of employees who have worked 14 years and attained 49 years of age. And so you say, well, this is more than we want to shoulder, because we've got 35 employees coming down the pike who are between 45 and 50 years of age and they will have worked 15 years shortly, but right now they've only worked maybe 13 or 14. So the company puts in a freeze amendment and wipes all those people out. And they've spent 14 years with the company, with the understanding, as represented in the plan, that they were going to get this $700 benefit. Maybe they shifted, as apparently was the situation here. Maybe they came to the company because this was one of the attractive things the company had to offer. But it seems to me, if we take your point of view, that we just invite companies to slam down freeze amendments when employees or larger groups of employees have spent substantial time with the company and are about to become eligible for them. And you say, oh, they haven't accrued it. And what does that do to the whole purpose of the anti-accrual or the anti-cutback rule? Because the anti-cutback rule says, I mean, when you go back down to what it really means, it says you don't have to offer this plan. And maybe you should have had a lower benefit or maybe you should have had a defined contribution plan rather than a defined benefit plan. But the whole anti-cutback thing is saying you don't have to offer this program. But once you do, you can't just tear a hole in the reliance interest of the employees. And you can't just stiff-arm somebody that spent a large part of their working life working on this, wanting this early retirement benefit, planning their family's finances in reliance on it and counting upon it, and then just say right before they're about to get it, too bad, it's off the table. And the anti-cutback provision can't mean that. Your Honor, it does mean exactly that because it's protecting the other interest that's there that says employers can change promises with regard to benefits to be earned in the future. And if you have not earned the benefit, this benefit came with at all times, it came with the requirement of 50 years and 15 years of service. That requirement was there from the beginning. Judge Keenan points out nobody's thinking of tossing that requirement overboard, but haven't a lot of the circuits say that you can grow into a retirement, grow into a benefit after the date of a freeze amendment? Isn't it still possible to satisfy those conditions and grow into the amendment after? Your Honor, I'm out of time. I'm happy to answer that question now or I'm happy to answer it later, whichever you'd prefer. Your choice. I'll answer it now because I suspect there'll be plenty to talk about later. Your Honor, early retirement benefits are protected in the sense that you can grow into an early retirement benefit, but it's only the early retirement benefit, again, that you have earned with your service to date. If you have to contribute additional service in order to get that early retirement benefit, that's not growing into it. The Third Circuit disagreed with you, didn't they? No, Your Honor, it did not. I mean, it was a different kind of benefit, but why wasn't it analogous in that case? Because in that case it was a job separation benefit, Your Honor, that they changed the rules on after they put it in. In other words, there was nothing anybody had to do in order to earn that job separation benefit. It was already there. There was no years of service requirement. There was no 15 and 50 or anything else. It was just there. And so these people had earned that benefit because there was no requirement of age and service to get that benefit. So when they changed the rules about getting that separation benefit, that was taking away something they'd already earned. That's what DELIS was about. Well, why was it accrued to them if they hadn't already been separated? I mean, see, it seems to me the argument can be skewed either way. But that's not the issue. And that's why we have to look at the language of this plan and the first opinion of this court. And I agree with that, Your Honor, but you also have to look at the service issue. If additional service is required in order to earn this benefit, the employer is free under ERISA and under the Any Cutback Rule to freeze future accruals. And if this benefit was not accrued and fully earned by them as of the date of that amendment, that's where Congress drew that line. I'm not drawing that line. That's where Congress drew that line, to protect employers who wanted to change benefit promises that had not yet been earned. Thank you, sir. Mr. Jackson, let's hear from you on this. May it please the Court, I'm Stan Jackson. I'm privileged to appear for Bob Taylor in the subclass of people who were represented that they would receive these benefits. They were represented in the pension plan with all rights will be preserved to be transferred. And I know you all saw these boards the last time, or some of them. But I just want to reiterate that the earlier retirement benefit factors and supplements were promised. If they were transferred and they were only available, only available to transferees, and then it was clearly stated if you come and you spend one year at Washington Safety Management Solutions that Bob Taylor would be effective after 1998 to have that accrued benefit as this Court has determined it to be. Last time we were here arguing about, and I guess we were arguing again about applicable, as to what is applicable. Here we have a huge plan. I mean, as you all see from the record, we're talking about people that come and spend, as Wilkinson said, 14 years of their life and don't know that this could be jerked away from them. We'll hear, I think, in rebuttal, that they are right to freeze the plan. But if they froze the plan in here, under the supplemental benefit, their rights, while we've had at least one year of service here, that's what makes it accrued, is if they spend one year of service, they have these rights. We don't contest that if they froze it maybe in 2002, the amount would have been set at $600. But no, they froze it after January 1, 2005, and then the accrued amount is $700. The freeze and the accrual are set forth in the document, in the plan, in the plan's footage. As, I think, as Dean understood, Wilkinson noted, is the holding of this court earlier said that the only retirement supplement is an accrued benefit. After the case was submitted and remanded on April 25, 2012, the district court, this was when the defendants raised this remaining issue in a joint scheduling order. They say they need to have this resolved by cross-moving. At that time, at that time, if they were going to say we are going to have some more ambiguity in this case or Bob Taylor has to exhaust remedies before our administrative committee, they should have, but didn't amend their answer. And that's part of the record. The record says that their answer never raises the ambiguity at all that they claim until after the decision of the district court. There is no real ambiguity. Counsel, the district judge felt that this case turned on our prior decision. Yes, sir. And that we had characterized this benefit as accrued and that we had characterized it as a retirement benefit, an early retirement benefit, both. And the district court then said you can grow into those because where it has been accrued, but you understand that you still need to satisfy the 1550 requirement. Yes, sir. But this whole case seems to me driven by the law of the case and by what was said in our earlier decision. And the district judge took a look at that earlier decision and put it together as I've just recapitulated. She did it at much greater length. So what was wrong with that? I see absolutely nothing wrong with that. That's a fair interpretation of what we have said. You know, the district court opinion meticulously tracks the earlier decision of the panel. That's absolutely correct, Your Honor. And I think she very after, as she describes it in the order that she entered on the motion to reconsider or remand, she described it as a lengthy hearing. If I recall correctly, it was about an hour and a half, maybe two hours, in which she listened to all of URS's positions as you heard them somewhat articulated in the last presentation by Mr. Henson. And she came to the conclusion that your decision controlled the case and the law of the case. The question was asked you. Yes, sir. It was asked your opponent whether the Third Circuit decision was against them. And, of course, the district court relied to some extent on that Third Circuit decision. What did you say about that Third Circuit case? Well, it's not just the Third Circuit. There are other cases cited in the brief. All the circuits that have considered this issue of early retirement benefits and also the Senate report when, in 1984, the anti-cutback rule was amended to include early retirement benefits, early retirement subsidies. They all uniformly say you can't jerk away these benefits. These benefits are something you can... The basic point of all those decisions, which were in the spirit of the anti-cutback rule, is that once a benefit has been characterized as an accrued benefit and early retirement benefits fall into the category of accrued benefits, that you can grow into that by meeting larger eligibility requirements even after the date of the freeze amendment. I mean, isn't that the point of those decisions? That is my reading of them, yes, your honor. Because any other reading would mean you could wait until the last minute and slam down like a guillotine a freeze amendment and knock out something that an employee had worked a large portion of his working life in anticipation of and in reliance upon. And to think that that would be consistent with ERISA's anti-cutback rule or the decisions of the other circuit is a bit perplexing. I agree, your honor, totally. And I'm not sure why we're here other than to say that if all of the people I represent in that subclass aren't informed that they're entitled to this, some may decide they can't afford to take early retirement and once they get over age 65 they will be forever barred. Or if they leave their employment before taking early retirement, they will never get this benefit. So I don't understand, I think, the clear holding of this court and the clear... Do you have anything further? I'm going to ask my colleagues if they have questions. No. All right, we have no further questions. Mr. Hanson? Your honor, you've mentioned a few times that you believe that the decision you rendered last time is controlling here and is outcome determinative here. I will say, your honor, that it does not control the outcome here because the issue there was with regard to the plan language, not the actual law of what an accrued benefit is, not the regulations of what an accrued benefit is, but the plan language said this is an accrued benefit, if applicable to somebody. And that's what this court ruled the last time. If this court was to say that accrued benefits include any expectation of a benefit that you haven't yet earned, but that you have to continue to work for in the future, if that's what this panel said before, I can tell you there is no precedent for that. There's zero precedent out there for saying that just because we've defined it as an accrued benefit that people no longer had to work and earn it over time. That's just unprecedented. What I believe this court meant to say is that it's categorized... What we meant to say? Yes. What the court did say. That's a hard task, isn't it? It is, Your Honor. It is. It is. All right, go ahead. Tell us what you meant to say. What I meant to say. How about if I start there? What I meant to say, Your Honor, what I meant to say is that what this court decided is that it was applicable, but not that it was applicable to everybody. And, Your Honor, if I could cite a couple of other decisions that I think stand for this proposition that you find to be so offensive, the Sinodo case and the Ashenbaugh case both stand for the proposition that in order to determine what an accrued benefit is, you look at what the participant would be entitled to if they quit work today. But the Sinodo plan had language which specifically reserved the right to base accrual on future service, and this plan does not. Actually, it does, Your Honor. Well, you're arguing your language. I think your problem, Mr. Henson, is the opinion of this court. As Judge Wilkinson said, it's the law of the case. How do you get around the classification of this early retirement supplement being a component part of accrued benefits under the plan? I guess, Your Honor, it's because I don't think you intended to say that you no longer had to work 15 to 50 years. Let's take the participant who worked 10 years, and then they quit. But five years later, would you say that they're entitled to this benefit? I mean, would you say that everybody who ever worked there for one year is entitled to this benefit as soon as they hit age 50? I don't think you would, and you can't be having an accrued benefit one day. And serve 15 years. Well, if they did, I'm saying if they didn't serve 15 years. I'm saying if they quit after 10, before they get to 15 and 50, if they voluntarily quit, I don't think you're saying they're entitled to the benefit. No, they weren't. But you're saying that your decision said that they had an accrued benefit. No, it says that this is an accrued benefit, but they have not met the eligibility requirements. Exactly. All right? And that it doesn't take away from the fact that it's an accrued benefit. Exactly. Under the opinion. And what the law says is that an accrued benefit is what they have earned through their service to date. The law does not say that they can have an accrued benefit for service that's going to happen in the future. Your client is the one that set the parameters of this whole problem. You know, I wasn't the one. We weren't the ones. I understand. Employees weren't the ones that promised the $700 monthly early retirement benefit. We weren't the ones that set the eligibility requirements at 15 years and 50 years of age. So the amount of the benefit that was set and the 15-50 eligibility requirements that were set were all of your doing. Yes, Your Honor. And they were paraded in front and shown to the employees who relied upon it. But you're the one that set the parameters. It was entirely within your prerogative to set the amount and to set the eligibility requirements. But once you set them, you can't expect us to rescue you from the adverse consequences of a business decision because you reap the benefit of the business decision by luring employees to come with your company and by luring them and encouraging them to stay with your company. And you reap the benefit of the parameters of the plan which you set forth. And then after reaping those benefits, you can't come to a court and say, well, now it's your time to relieve us of the adverse consequences. That doesn't make sense to me. That's not two and two equals four.  if you retire from active service after 15 years and age 50. That was the promise from day one. That was the promise that was given to these people and that they relied upon. And if they relied upon that promise, they knew they had to keep working until age 50 and at least 15 years of service in order to accrue this benefit. That's all they had to do. Exactly. If you freeze them, freeze them out. But that's what the law says we can do. Not if it's an accrued benefit. If they've not earned it, Judge. Let's try to do it one at a time. The holding of the cases as an accrued benefit, of course you disagree with that, but that's the holding. I disagree that it applied to individuals who had not yet met the requirements because you had an individual in front of you who had met those requirements. And the issue that we're dealing with here today was not in front of you. The issue that we're dealing with here today is for people who had not met those requirements was an accrued benefit for them, wasn't an applicable accrued benefit for them. And I don't think on that language any applicable supplement. You can say that it applied to somebody who had not yet earned it. And I don't think this court did say that. I don't think the court could say that because that issue was not in front of this court.  Thank you, Your Honor. We thank you, sir.
judges: J. Harvie Wilkinson III, Roger L. Gregory, Barbara Milano Keenan